In the Matter of Larry Douglas REYNOLDS, and Martha Jane Reynolds, Debtors.

Larry Douglas REYNOLDS, and Martha Jane Reynolds, Plaintiffs,

v.

INTERNAL REVENUE SERVICE; Paul S. McNeil, Missouri Director of Revenue; C. Bruce Cornett, Missouri Director of Employment Security; Harley T. Duncan, Kansas Secretary of Revenue, Defendants.

Bankruptcy No. 85–01348–SJ–11.
Adv. No. 86–0116–SJ–11.

United States Bankruptcy Court, W.D. Missouri, St. Joseph Division.

June 4, 1986.

Robert B. Miner, Watkins, Boulware, Lucas & Miner, St. Joseph, Mo., for plaintiffs.

Robert D. Metcalfe, Dept. of Justice, Tax Div., Washington, D.C., for I.R.S.

Ronald C. Clements, Asst. Gen. Counsel, Dept. of Revenue, Jefferson City, Mo., for Mo. Director of Revenue.

David Prager, III, Dept. of Revenue, Topeka, Kan., for Kan. Secretary of Revenue.

ORDER DENYING MOTION FOR CONTINUANCE AND RESETTING HEARING OF THE MERITS OF THE ADVERSARY ACTION

DENNIS J. STEWART, Chief Judge.

On March 24, 1986, the plaintiff debtors filed the within action for a determination of the "nature and extent of tax liability" to each of the agencies above named as defendants. Thereafter, on April 28, 1986, the clerk filed and distributed its written order (which the undersigned had signed four days previously on April 24, 1986) setting a hearing of the merits of this action for May 22, 1986, at 9:45 a.m., in St. Joseph, Missouri.

On May 16, 1986, the Internal Revenue Service submitted a motion for continuance in the office of the clerk of the bankruptcy court. Apparently awaiting its turn to be docketed and filed, the document had not reached the chambers of the undersigned by late afternoon on May 20, 1986. At that time, the undersigned received a telephone call from one Metcalf, who stated that he was an attorney in the Department of Justice and that he had filed a motion for continuance of the hearing set in this action for May 22, 1986; that the issues were the "complex" issues involved in establishing a debtor to be a "responsible person" within the meaning of § 6672 of the Internal Revenue Code; that he had only recently been assigned the case and could not be expected to prepare for trial in such a short period of time; and that he had recently

filed a written motion for continuance. The court stated that it had not seen the motion for continuance and that it "would just have to get the motion" in order to make the determination regarding a continuance. The court did not purport telephonically to grant a continuance, nor were any words stated which were subject to such an interpretation.

■ The written motion of the Internal Revenue Service was not received in the division of the undersigned until subsequent to 4 p.m. on May 20, 1986. The court, observing the local rules which require that a continuance be granted or denied only in writing,[1] did not undertake the futile act of attempting to issue a written order which would have no chance of being distributed prior to the time of the scheduled hearing. The court, rather, intended to rely upon the local rule—one which would appear to be of some universal applicability and knowledge[2]—that parties are not excused from attendance at a scheduled hearing unless and until they receive a written order from the court excusing them from attendance.[3]

Nevertheless, the court traveled to St. Joseph, Missouri, on May 22, 1986, only to discover that none of the parties was in attendance. Contact with the office of the plaintiff's counsel resulted in the contention that they had been notified orally by Mr. Metcalf and the undersigned's secretary that the continuance had been granted. Those individuals, however, had no authority to grant a continuance. It seems patronizing of others to have to say that it is the court alone which has the power to grant or deny a continuance and that it results only in confusion and potential harm to seek continuances orally from the court's clerical staff. "It is a general rule that the granting or refusing of a motion for continuance is wholly or largely within the sound discretion of the court." 17 C.J.S. *Continuances* § 5, p. 375 (West 1963).

In view of these principles, it follows that the motion for continuance should be denied. And the court will now enter its order to that effect.

It would be unfitting, however, for the court to enter other orders or judgments detrimental to the parties for the defaults of others. And the court writes at length in this matter, not for the purpose of giving vent to any pique or irritation which it may have been caused by this incident, but only to establish once again the well-known principles governing the issues of continuance which the court dearly hopes have not fallen into desuetude. For, without their firm application, as the authorities unanimously recognize,[4] courts cannot expect to cope with the large and unwieldy case loads which are of the magnitude of the case load which is currently imposed upon the bankruptcy court in this district and elsewhere.

■ Nor does this court propose to discipline or chastise counsel in this regard. This is so despite the fact that waiting until the last minute to request a continuance signals some measure of lack of respect for

---

1. Rule 16(P) of the local rules effective October 1, 1979, pertinently provided that "(m)otions to continue a pre-trial conference, a hearing on a motion, or the trial of an action shall not be granted by the mere agreement of counsel. Any such motion, verbal or written, will be considered by the Court, but no such continuance will be granted except for good cause and upon such terms and conditions as the Court may impose."

2. If continuances are grantable only by the court, it would appear to follow that parties *should not presume to absent themselves from a* scheduled hearing without receiving prior written consent from the court in some form.

3. Rule 10 of the current local rules is explicit to the effect that "(a) party failing to attend a scheduled hearing before the court grants a continuance takes the risk that the court may determine the merits of the matter scheduled for hearing on any evidence which is adduced or failed to be adduced at the scheduled hearing."

4. If court "calendars slip from ... direct (judicial) supervision and control, the result will be chaos." Flanders, Case Management in Federal Courts, 1981, The Justice System Journal 147, 148.

the court. But this court's chief concern is the expedition of the business before it. After restating the fundamental and governing principles above, therefore, it is appropriate to reset the hearing of the merits in hopes that the parties will be able to adhere to the schedule fixed by the court and, if not, that they will timely advise the court in writing of their inability.[5]

Accordingly, it is hereby

ORDERED that the motion of the Internal Revenue Service filed May 16, 1986, for continuance of the hearing of May 22, 1986, be, and it is hereby, denied. It is further

ORDERED that the hearing of the merits of this action be, and it is hereby, reset for June 27, 1986, at 2:00 p.m., 2nd Floor Library, United States District Court, 8th and Edmond Streets, St. Joseph, Missouri. *NOTICE is to be sent to all parties by the clerk of this court.*

---

**5.** Any such writing, of course, should detail the reasons for the professed inability, and should be filed in the court in time to grant the court a reasonable opportunity, before the deadlines have run out, to make a decision on whether further time should be granted.